IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>PORTAL DE CAGUAS, INC.<br><br>Debtor | Case No. 23-02516 (ESL)<br>Chapter 11 |
| GRUPO HIMA SAN PABLO INC.; PORTAL DE CAGUAS, INC.<br><br>Plaintiff<br><br>v.<br><br>SL FUNDING 3, LLC; CENTER FOR MUNICIPAL REVENUE COLLECTION; UNSECURED CREDITORS COMMITTEE<br><br>Defendant | Adv. No. 23-00097 (ESL) |
| SL FUNDING 3, LLC<br><br>Counter-Plaintiff<br><br>v.<br><br>GRUPO HIMA SAN PABLO INC.; PORTAL DE CAGUAS, INC.; ALTER DOMUS (US) LLC; ISLAND HEALTHCARE, LLC<br><br>Counter-Defendant | FILED & ENTERED AUG/13/2024 |

**OPINION AND ORDER**

This case is before the court upon the *Motion to Dismiss Amended Third Party Complaint for Failure to State a Claim Against Alter Domus* (the "*Motion to Dismiss*") (dkt. #80)[1] filed by Alter Domus (US) LLC ("Alter Domus" or the "Agent") as administrative and collateral agent for

---

[1] The underlying bankruptcy cases are jointly administered. Unless otherwise stated, docket entries shall refer to the adversary proceeding.

-1-

Island Healthcare LLC (the "DIP Lender", and jointly with the Agent, the "Lender Parties"), requesting the dismissal of the *Amended Third-Party Complaint* (dkt. #21); SL Funding's *Opposition to Alter Domus' Motion to Dismiss the Amended Third Party Complaint* (the "*Opposition*") (dkt. #82); Alter Domus' *Reply to SL Funding 3, LLC's Opposition to Motion to Dismiss* (the "*Reply*") (dkt. #86); and SL Funding's *Surreply in Opposition to Alter Domus' Reply to SL Funding 3, LLC's Opposition to Motion to Dismiss* (the "*Sur-Reply*") (dkt. #88).

For the reasons discussed below, the *Motion to Dismiss* (dkt. #80) is hereby GRANTED and the *Amended Third-Party Complaint* (dkt. #21) is hereby DISMISSED as to third-party defendant Alter Domus (US) LLC.

Factual and Procedural Background

*A. Procedural Background*

1. On December 22, 2023, Debtors filed and thereafter amended a *Complaint* (dkt. #1, #7) against creditor SL Funding, Center for Municipal Revenue Collection ("CRIM") and the Unsecured Creditors Committee, objecting to the amount, validity, extent and/or priority of SL Funding's claim, and seeking a declaratory judgment that such claim is junior to that of the DIP Lender (dkt. #7, p. 10, ¶ 30) and junior to that of CRIM (id., p. 11, ¶ 37), each as a result of the DIP Order entered on September 29, 2023 (Bankr. Case No. 23-2510, dkt. #286; Bankr. Case No. 23-2516, dkt. #222) as supplemented and/or extended.

2. On February 26, 2024, SL Funding filed *SL Funding 3, LLC's Answer, Affirmative Defenses, and Counterclaims to Grupo HIMA San Pablo, Inc. and Portal de Caguas, Inc.'s Amended Complaint* (the "*Third-Party Complaint*") (dkt. #18), asserting claims against Debtors and "the DIP Lender, represented by Alter Domus, LLC as administrative agent" (id., p. 18). In the counterclaims and third-party claims, which included two counts – one for declaratory judgment on the validity, extent and/or priority of its secured debt, and another one for unjust

enrichment against the DIP Lender (see, id., pp. 24 and 26) – SL Funding identified Alter Domus as the DIP Lender (see, id., p. 19, ¶8).

3.      On March 11, 2024, SL Funding filed *SL Funding 3, LLC's First Amended Counterclaim, and Third-Party Claim* (the "*Amended Third-Party Complaint*") (dkt. #21). Therein, SL Funding included Island Healthcare, LLC as a third-party defendant and identified it as the DIP Lender, and identified Alter Domus as the DIP Lender's administrative and collateral agent (see, id., p.3, ¶¶8-9). The *Amended Third-Party Complaint* also includes two causes of action. In the first cause of action, SL Funding is seeking a declaratory judgment on whether it is the senior secured creditor over certain real estate collateral as opposed to the DIP Lender. In the second cause of action, SL Funding is seeking relief for unjust enrichment against the DIP Lender, arguing that it was not provided notice or an opportunity to be heard, was not provided adequate protection, and was not afforded an opportunity to credit bid, which unjustly benefits the DIP Lender at SL Funding's expense.

4.      On May 23, 2024, the DIP Lender filed an *Answer to SL Funding 3, LLC's First Amended Counterclaim and Third-Party Complaint, and Third-Party Counterclaim* (dkt. #79).

5.      Also on May 23, 2024, Alter Domus filed the *Motion to Dismiss* (dkt. #80) requesting the dismissal of the *Amended Third-Party Complaint* under Fed. R. Civ. P. 12(b)(6) arguing that the *Amended Third-Party Complaint* does not assert any claim, remedy, or relief against it and that the allegations are not related to Alter Domus' role as Island Healthcare LLC's agent in the bankruptcy proceedings. In sum, Alter Domus argues that, when SL Funding filed the original *Third-Party Complaint* (dkt. #18), it included allegations against Alter Domus as if it were the DIP Lender, apparently due to a confusion between the two roles. The alleged error was fixed by the filing of the *Amended Third-Party Complaint* (dkt. #21) and the joining of Island Healthcare LLC as a third-party co-defendant. Alter Domus argues that, since the filing of the

*Third-Party Complaint* (dkt. #18), it was SL Funding's intention to pursue its claims against the "DIP Lender", which is Island Healthcare LLC and not Alter Domus.

6. SL Funding filed an *Opposition* on June 3, 2024 (dkt. #82), arguing that the *Amended Third-Party Complaint* alleges sufficient facts to survive a motion to dismiss because it pleads a clear and substantial controversy between Alter Domus and SL Funding as they have adverse legal interests because Alter Domus is the administrative and collateral agent of the DIP Lender, and its interests are completely aligned with the DIP Lender's. SL Funding also argues in the *Opposition* that Alter Domus contradicts itself to the extent of being judicially estopped because, despite "consistently putting itself in the DIP Lender's shoes as its 'administrative and collateral' agent […], it now seems to assert that it has no legal interest adverse to SL [Funding]" (id., p.3).

7. Alter Domus filed a *Reply* on June 10, 2024 (dkt. #86), averring that the *Amended Third-Party Complaint* is silent as to how Alter Domus is responsible for the alleged lack of notice or due process, and that the allegations therein are not enough to raise the claims against Alter Domus above the speculative level to entitle SL Funding to relief against Alter Domus. Alter Domus argues that the *Amended Third-Party Complaint* does not meet the requirements of Fed. R. Civ. P. 9 for allegations of fraud or mistake because it does not include allegations against Alter Domus. In addition, Alter Domus argues that is has acted within the strictures of its duties under the Credit Agreements for the DIP Loans, which have been public in the docket of the bankruptcy case, and that it has not taken either an inconsistent and/or mutually exclusive position in these proceedings, particularly regarding the roles of the DIP Lender and the Agent and/or its obligations as Agent under the Credit Agreements.

8. SL Funding filed a *Surreply* on June 12, 2024 (dkt. #88), arguing that Alter Domus' *Reply* (dkt. #86) includes new arguments outside the scope of L. Civ. R. 7(c) which

requires replies to be strictly confined to replying to new matters raised in the opposition. Specifically, SL Funding argues that Alter Domus spent the bulk of its *Reply* arguing against a fraud claim that does not exist as SL Funding does not allege that any party failed to provide it with due notice fraudulently. Thus, SL Funding argues that the heightened standard of Fed. R. Civ. P. 9(b) does not apply. SL Funding further avers that Alter Domus miscategorized SL Funding's arguments, and that Alter Domus continues to take inconsistent positions and should be judicially estopped. Lastly, SL Funding argues that regardless of the Credit Agreement, Alter Domus has controlled the DIP Lender throughout this litigation to such an extent as to virtually becoming its alter ego.

   *B.  Recent Developments*

9.      On July 29, 2024, the Lender Parties, SL Funding, and Debtors filed a *Joint Motion in Compliance with Order* (the "*Joint Motion*") (dkt. #117) summarizing pending issues in the instant Adversary Proceeding after the *Opinion and Order* entered on July 3, 2024 (dkt. #101).

10.     In the fourth footnote of the *Joint Motion*, SL Funding states that "the resolution of Count I of the Debtor's (sic) Amended Complaint fully resolved Count I of SL [Funding]'s [Amended] Third-Party Complaint" (dkt. #117, p. 3, footnote 4). The Lender Parties, on the other hand, argue that Count I of the *Amended Third-Party Complaint* is still pending (id., p. 6, ¶16).

11.     In addition, SL Funding avers that Alter Domus' *Motion to Dismiss* is "moot, such that the Agent can be dismissed from this Adversary Proceeding" (id., p. 3, footnote 4).

12.     Also in the *Joint Motion*, the Lender Parties, SL Funding and Debtors state that they agree that Count II of the *Amended Third-Party Complaint* for unjust enrichment has not been resolved and that additional discovery and further litigation to resolve this claim is necessary (id., p.3, ¶6(b)). However, in the third footnote in the *Joint Motion*, SL Funding states that Count II of the *Amended Third-Party Complaint* "should be stayed pending adjudication of [the issues

of the amount of its over-security and the amounts it is entitled to recover in additional attorneys' fees and interests] and the resolution of [its] administrative claim and any objections thereto" (id., p. 3, footnote no. 3).

CONCLUSION

Based on the above and on SL Funding's express recognition that the *Amended Third-Party Complaint* can be dismissed as to Alter Domus, the *Motion to Dismiss (*dkt. #80) is hereby GRANTED and the *Amended Third-Party Complaint* (dkt. #21) is hereby DISMISSED as to third-party defendant Alter Domus (US) LLC.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of August 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge